UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRAVELODGE HOTELS, INC.,**<br><br>  Plaintiff,<br><br>v.<br><br>**YOUNG BROTHERS PROPERTIES, INC.,** *et al.*<br><br>  Defendants. | Civ. No. 2:14-7791 (WJM)<br><br>**OPINION** |

**THIS MATTER** comes before the Court on Plaintiff Travelodge Hotels, Inc.'s motion for default judgment against Defendants Young Brothers Properties, Inc. and Edward L. Young, made pursuant to Federal Rule of Civil Procedure 55(b)(2). Plaintiff commenced this action on December, 15 2014. ECF No. 1. Plaintiff served the Complaint on Defendants on January 18, 2015. ECF No. 5. The Complaint alleges that Plaintiff and Young entered into a license agreement under which Young was required to pay Plaintiff a portion of revenue he received from running a Travelodge guest lodging facility. It further alleges that Young provided Plaintiff with a Guaranty of Defendant Young Brothers Properties, Inc.'s obligations under the licensing agreement. According to the Complaint, Defendants breached the licensing agreement because they failed to pay Plaintiff the agreed-upon portion of revenues they received while operating their Travelodge facility.

1

The time for Defendants to answer or otherwise respond to the Complaint expired. *See* Fed. R. Civ. P. 12(a). To date, Defendants have failed to answer or otherwise respond to the Complaint. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a Default against Defendants on February 26, 2015. Plaintiff served Defendants with notice of its motion for default judgment on May, 18 2015, and filed the motion on May 19, 2015. ECF No. 7. No opposition has been filed. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.[1]

"Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

After reviewing the record, the Court concludes that Plaintiff is entitled to default judgment. First, the Court finds that Defendants do not have a meritorious defense to Plaintiff's claims; Plaintiff has provided ample evidence that Defendants entered into and then breached a license agreement. *See Days Inns Worldwide, Inc. v. LT Hospitality, Inc.*, No. 10-6125, 2011 U.S. Dist. LEXIS 76459, at *5-6 (D.N.J. July 14, 2011). Second, Plaintiff has been prejudiced by Defendants' failure to answer because Plaintiff

---

[1] Plaintiff is a corporation organized and existing under the State of Delaware with its principle place of business in New Jersey. Defendant Young Brothers Properties, Inc. is a corporation organized under the laws of South Carolina, whereas Defendant Young is a citizen of South

has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). Third, because Defendants have failed to respond, there is a presumption of culpability. *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S. Dist. LEXIS 115142, at *10 (D.N.J. Oct. 5, 2011).

Moreover, the Court concludes that Plaintiff has submitted sufficient evidence to support its request for damages pursuant to Federal Rule of Civil Procedure 55(b), and has submitted a reasonable request for attorneys' fees and costs in accordance with Local Civil Rules 54.1 and 54.2. Plaintiff is therefore entitled to default judgment.

/s/ William J. Martini
WILLIAM J. MARTINI, U.S.D.J.

Date: June 18, 2015

---

Carolina. Furthermore, the amount-in-controversy exceeds $75,000.